12700

DAVIS v. CAMPBELL *ET AL.*

(149 S. E., 1)

*Messrs. Miller & Lawson,* for appellant,

*Mr. R. R. McLeod,* for respondent,

July 15, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On December 1, 1924, the defendant L. H. Campbell conveyed in fee to his wife, the defendant Nannie S. Campbell, his one-tenth undivided interest in a tract of 153 acres of land located in Darlington County, the deed stating a consideration of $500. At the time of the transfer, L. H. Campbell was indebted to the plaintiff, who on December 28, obtained a judgment against him, in a magistrate's Court, for $100 and costs. A transcript of the judgment was duly filed in the office of the Clerk of Court for Darlington County, execution issued, and a *nulla bona* return made.

This action was then brought for the purpose of setting aside the deed in question, on the ground that it was pretensive and was executed with intent to hinder, delay, and defraud the plaintiff in the collection of his judgment against

L. H. Campbell. The answer of the defendants, in effect, was a general denial. The case was referred for the purpose only of taking the testimony. The defendants were required to appear for examination, and were the only witnesses in the case. The testimony taken was reported to the Circuit Court, and the matter was heard by Judge Dennis, who, on June 6, 1928, filed an order, in which he found and held:

"I find that the conveyance from L. H. Campbell to his wife, Nannie S. Campbell, was for a good, valuable, and sufficient consideration, and that it was not intended as a fraud on the plaintiff or any other creditor. For a transaction between husband and wife, the proof of the payment of consideration was unusually clear and convincing. Even if such were not the case, the value of the real estate conveyed is admitted by all parties, and shown by the evidence, to be less than $1,000. This being the only real estate owned by the defendant L. H. Campbell, and its value being less than $1,000, he would be entitled to the same as his homestead exemption, and therefore it would not be subject to the lien of plaintiff's judgment, and a conveyance thereof by this defendant to his wife would be a valid conveyance, even though it were for no consideration at all. It is therefore ordered and adjudged that the complaint in this case be dismissed, with costs to be paid by the plaintiff."

The plaintiff appeals, and charges the Circuit Judge with error (1) in holding that the conveyance from L. H. Campbell to his wife "was for a good, valuable, and sufficient consideration, and that said deed was not intended as a fraud on the plaintiff or any other creditor"; (2) in holding that "the value of the real estate conveyed was admitted by all parties, and shown by the evidence, to be less than $1,000"; and (3) in holding that the land conveyed by L. H. Campbell to his wife was the only real estate owned by him, and was worth less than $1,000, that he was entitled to it as a homestead, that it was not subject to the lien of the plaintiff's judgment, and that he could convey it to his wife, even if there were no consideration at all.

As to the first contention: We have carefully examined the testimony and are satisfied that the conclusion reached by the Circuit Judge is correct. The testimony is undisputed that Campbell was indebted to his wife for money, some $400, which he had borrowed from her before they were married, and that the conveyance was made in payment of this debt. There is nothing to indicate that it was made for the purpose of defrauding the plaintiff or any other creditor of Campbell.

As to the second contention: L. H. Campbell was the only witness who testified as to the value of the property. He stated, in answer to questions by plaintiff's counsel, that the land was worth about $50 per acre, his interest conveyed to his wife being worth, therefore, about $765. The plaintiff did not testify, and made no effort to show that the property in question was of any greater value.

As to the third contention: The question of homestead was not raised by the pleadings and was not properly before the Court (*Miller v. Wroton*, 82 S. C., 97, 63 S. E., 62, 449) ; but his consideration of this question was immaterial, as his finding, that there was valuable and sufficient consideration for the deed and no fraudulent intent on the part of the defendants, was correct, and his conclusion, based upon this finding, properly disposed of the case.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.